230 N.J. Super. 106 (1989)
552 A.2d 1021
TOWNSHIP OF MAHWAH, PLAINTIFF-APPELLANT,
v.
LANDSCAPING TECHNOLOGIES, INC. D/B/A BIG "G" NURSERY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1988.
Decided January 20, 1989.
*107 Before Judges ANTELL and HAVEY.
Brian T. Campion argued the cause for appellant (Breslin and Breslin, attorneys; Brian T. Campion, of counsel and on the brief).
George O. Foster argued the cause for respondent.
The opinion of the court was delivered by ANTELL, P.J.A.D.
Plaintiff appeals from a judgment denying its request for injunctive relief against defendant's commercial use of its property within an exclusively residential zone. The trial court found plaintiff was equitably estopped from enforcing the ordinance because it had issued, albeit mistakenly, a Certificate of Continued Occupancy reciting that the use which plaintiff seeks to enjoin was a valid nonconforming use. The certificate *108 was issued before defendant acquired the property and was allegedly relied upon by defendant in proceeding with the acquisition.
The property in question consists of a "front lot" and a "back lot." The front lot is located on Block 81 and the back lot on Block 82. Block 81 fronts on 800 Wyckoff Avenue and is separated from Block 82 by a right-of-way designated as Jefferson Street. Both lots were acquired by defendant in 1986, both are located in the R20, single-family residential zone and both are being used by defendant in the operation of a tree nursery business which it also purchased from the previous landowner in 1986. It is clear that the conduct of such a business is a valid nonconforming use only as to the front lot. The use is impermissible as to the rear lot, however, and it is as to this lot plaintiff seeks to have the use enjoined.
On February 19, 1986, after defendant contracted to purchase the property and business, defendant's attorney wrote to the Mahwah Planning Board, enclosing a Tenant Approval Application and requesting a Certificate of Occupancy for the property and business. The letter stated that defendant intended to continue the identical business conducted by the previous owner and specified that it would be carried on on both the front and rear lots. On February 21, 1986, the following reply was sent to defendant's attorney by Gary L. Montroy, who signed it as the township "construction official":
In reply to your letter dated 2/19/86 regarding the above referenced property, please be advised that the business is a legal non-conforming use and can be continued as is.
Attached, please find a Continued Certificate of Occupancy issued to Landscaping Technologies, Inc.
The enclosed Certificate of Continued Occupancy identifies the property as located at 800 Wyckoff Avenue and specifies that "the building is approved for continued occupancy," and reads that the purpose of the Tenant Application is to "Continue nonconforming use." Although designated in the letter as *109 the construction official, Montroy also served in the capacity of zoning officer.
On May 6, 1986, Montroy wrote to defendant, stating that it had just been "brought to [his] attention" that the nursery's nonconforming use had been expanded to the rear lot, and that the expansion could not be permitted "until application is made and approval received from the Board of Adjustment."
In entering judgment for defendant, the trial court concluded that the Certificate of Continued Occupancy was a "sufficient basis" upon which to allow the defendant to continue the use and placed reliance upon Jantausch v. Borough of Verona, 41 N.J. Super. 89 (Law Div. 1956), aff'd 24 N.J. 326 (1957), and Hill v. Bd. Adjust., Bor. of Eatontown, 122 N.J. Super. 156 (App. Div. 1972). Both cases deal with the rights of a landowner to proceed with construction on the strength of a building permit which was mistakenly issued. The case at hand involves the right of a prospective landowner to rely upon a Certificate of Continued Occupancy. N.J.S.A. 52:27D-121 defines a certificate of occupancy as
the certificate provided for in § 15 [N.J.S.A. 52:27D-133] of this act, indicating that the construction authorized by the construction permit has been completed in accordance with the construction permit, the State Uniform Construction Code and any ordinance implementing said code.
N.J.S.A. 52:27D-133 states:
The certificate of occupancy shall certify that the building or structure has been constructed in accordance with the provisions of the construction permit, the code, and other applicable laws and ordinances.
According to Cox, New Jersey Zoning and Land Use Administration, § 23-4 at 228 (1988), "[a] certificate of occupancy is not a device to assure that the use of property is in conformance with the zoning ordinance of the municipality." We do not perceive how a certificate verifying that a building meets certain construction standards can serve as a reason to believe that the building and the land on which it is located may be put to a legally permissible nonconforming use.
N.J.S.A. 40:55D-68 specifically provides for the application in writing to a board of adjustment by any prospective purchaser *110 of land upon which a nonconforming use exists "for the issuance of a certificate certifying that the use or structure existed before the adoption of the ordinance which rendered the use or structure nonconforming." Here, no such application was made; the sole request submitted to the Planning Board by defendant's attorney was for "a Certificate of Occupancy for said property and business." Although Montroy's answering letter of February 21, 1986, advised defendant that "the business is a legal non-conforming use and can be continued as is," the reference at the top of the letter was to "`Big G' Nursery, 800 Wyckoff Ave.," no reference being made to the rear lot which fronted on Jefferson Street, not Wyckoff Avenue.
In relying upon Jantausch, supra, the trial court evidently
conceived that the case was one which fit into the intermediate situation in which the administrative official in good faith and within the ambit of his duty makes an erroneous and debatable interpretation of the ordinance and the property owner in like good faith relies thereon. [Jantausch, supra, 41 N.J. Super. at 94].
In such a case, the Jantausch court reasoned, the concept of estoppel would perhaps be germane. Here, it cannot be said that the construction official, who was requested only to issue a Certificate of Continued Occupancy, acted within the "ambit of his duty" by stating in his covering letter of February 21, 1986, that "the business is a legal non-conforming use and can be continued as is." Moreover, we cannot say that the administrative official merely made "an erroneous and debatable interpretation of the ordinance." The ordinance clearly prohibits all commercial uses in the R20 zone. Equally clear is the fact that defendant's nursery business does not enjoy the status of a nonconforming use on the rear lot.
Hill v. Bd. of Adjust., Bor. of Eatontown, supra, is distinguishable in that the question before that court was whether or not a variance granted by a board of adjustment from a seven-foot sideyard requirement should be affirmed. In affirming, the court took into consideration the fact that the building inspector had mistakenly issued a building permit for the construction of a garage which would violate the sideyard requirement, *111 that construction was almost entirely complete in reliance on the permit, that many other buildings in the area were also violating the sideyard requirement and that the balance of relative hardships weighed in favor of the variance. The question presented was not, as it is here, whether the municipality should be estopped from enforcing its ordinance. Here, we gather that although defendant applied for a variance, the application was abandoned.
We follow the reading given Hill by Howland v. Freehold, 143 N.J. Super. 484 (App.Div. 1976), certif. den. 72 N.J. 466 (1976), that the finding of "good faith" on the part of the administrative official can only be satisfied by a finding that "an issue of construction of the zoning ordinance ... was, when the permit was issued, sufficiently substantial to render doubtful a charge that the administrative official acted without any reasonable basis." Id., 143 N.J. Super. at 489. As we have said, the meaning of the zoning ordinance herein is free of doubt, as is the fact that defendant's conduct of a tree nursery business on its rear lot is in violation thereof.
REVERSED.