**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1309-13T4
                A-5649-13T4
                A-3471-14T4

ALLEN & BUBENICK, INC.,

    Plaintiff-Appellant,

v.

TOWNSHIP OF PISCATAWAY,
TOWNSHIP OF PISCATAWAY COUNCIL,
TOWNSHIP OF PISCATAWAY BOARD OF
ADJUSTMENT, and TOWNSHIP OF
PISCATAWAY PLANNING BOARD,

    Defendants-Respondents.

_____

        Argued November 29, 2016 — Decided  May 30, 2017

        Before Judges Reisner, Rothstadt, and Sumners.

        On appeal from the Superior Court of New
        Jersey, Law Division, Middlesex County, Docket
        Nos. L-7932-11 and L-3560-13.

        Elliott Louis Pell argued the cause for
        appellant.

        Danielle Abouzeid argued the cause for
        respondents Township of Piscataway, Township
        of Piscataway Council, and Township of
        Piscataway Planning Board (Dvorak &
        Associates, LLC, attorneys; Ms. Abouzeid, of
        counsel and on the brief).

Richard J. Mirra argued the cause for respondent Township of Piscataway (Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys; Mr. Mirra, of counsel and on the brief; Nicole C. Tracy, on the brief).

James J. Kinneally, III, argued the cause for respondent Township of Piscataway Board of Adjustment (Marriott Callahan & Blair, attorneys; Mr. Kinneally, on the brief).

PER CURIAM

In these three consolidated matters, plaintiff Allen & Bubenick, Inc. appeals from orders entered by the Law Division dismissing each of its three complaints relating to its efforts to obtain a zoning permit and certificate of occupancy (CO) necessary to its attempt to sell its property and business.[1] Plaintiff alleged that defendants Township of Piscataway, its council, and zoning and planning boards improperly exercised their

---

[1] In A-1309-13, plaintiff appeals from three orders entered on October 7, 2013, denying plaintiff's motion for partial summary judgment, granting defendants' motions for summary judgment, dismissing plaintiff's complaint relating to its prospective purchaser's application, seeking declaratory relief and damages, and denying plaintiff's cross-motion to file a second amended complaint. In A-5649-13, plaintiff appeals from the Law Division's June 23, 2014 order granting summary judgment in favor of the township, the board of adjustment, and the planning board, and dismissing plaintiff's complaint in lieu of prerogative writs that challenged the zoning officer's denial of its prospective purchaser's application for a zoning permit. In A-3471-14, plaintiff appeals from the Law Division's February 4, 2015 order dismissing its action in lieu of prerogative writs that challenged the zoning board's sustaining the zoning officer's denial of its application for a certificate of continued occupancy.

authority and powers by wrongfully interfering with plaintiff's anticipated sale by requiring its contract purchaser, Kings Building Materials, L.L.C. (Kings), and plaintiff to seek site plan approval for a CO and certificate of continued occupancy (CCO).

Plaintiff argued to the trial courts that the municipal authorities acted arbitrarily and in violation of plaintiff's constitutional rights by sustaining the zoning officer's decision to require site plan approval for "a mere change in occupancy." The two Law Division judges who considered the matters rejected plaintiff's claims because the municipal authorities acted properly in light of the fact that, at the time of Kings' and plaintiff's applications, plaintiff had never complied with conditions to various approvals the planning board granted years earlier. Moreover, after the denial, plaintiff satisfied the conditions and the zoning officer approved plaintiff's applications for a permit, without requiring site plan approval, rendering plaintiff's claims moot. On appeal, plaintiff argues numerous reasons why both judges erred, primarily asserting its view that the conditions to the earlier approvals plaintiff had not satisfied gave rise to an enforcement issue that the township's official could not rely upon to deny their applications.

We have considered plaintiff's contentions in light of our review of the record and applicable legal principles. We find no merit to plaintiff's arguments and affirm, substantially for the reasons expressed by the Law Division judges who dismissed plaintiff's complaints, and for the additional reasons stated in this opinion.

The facts we discern from the record regarding each order can be summarized as follows. Plaintiff was in the business of manufacturing and the retail sale of cinder block and related materials. It conducted its business from three structures on property it owns on Stelton Road in the township since approximately 1947. One structure was used for the manufacturing of cinder blocks, another as warehouse, retail, and office space, and the third as warehouse space only. The property is located in the LI-1 (Light Industrial) zone and plaintiff's manufacturing business was a permitted use in that zone. Its retail operations were also a permitted use as long as they were limited to five percent of the building floor area.

Years before the applications that are the subject of plaintiff's complaints, plaintiff made two applications relating to the expansion of two of its buildings that the planning board approved in September 1990 and April 1992. The approval of the first application was subject to certain conditions that were set

forth in a memorandum from the township's Division of Planning dated June 22, 1990. The conditions were: installation of brick pavers in the parking area; the paving of a driveway to eliminate stones being thrown onto Stelton Road; the planting of street trees along Stelton Road; and the striping of proposed parking stalls. The approval of the second application was also conditioned upon various requirements, including plaintiff's "[c]omplaince with all conditions of [the 1990] approval . . . ."

On May 11, 1999, plaintiff applied for a certificate of occupancy. The application made no mention of the earlier site plan approvals even though that information was requested. The township zoning officer stated on the application that, "it should be noted that there is existing storage in the Township's right-of-way of Trent Place, which is not approved as any part of any site plan." Nevertheless, plaintiff was issued a CO on July 29, 1999.

Kings filed its application for a CO after it entered into a contract to purchase plaintiff's property and business. The application stated that Kings sought to use the property in exactly the same manner as plaintiff. Kings' application also did not disclose the earlier approvals as required.

Upon receipt of Kings' application, the township's Supervisor of Planning and Zoning Officer conducted a site inspection. After

her inspection, the zoning officer rejected Kings' application because "site plan and variance approval [were] required" and various conditions from the 1990 and 1992 approvals had not been met. The zoning officer prepared a memorandum listing thirteen conditions she had observed on or adjacent to plaintiff's property that were in violation of the township's ordinances or the conditions of the 1990 and 1992 approvals that plaintiff had not satisfied.[2]

---

[2]   Specifically, the memorandum noted the following:

> A landscape buffer was required to be along the entire frontage of the property to screen the outside storage; no buffer currently exists.
>
> Stripping of the parking lot was required to delineate the parking stalls or color paver delineating the parking stalls.
>
> Tire stops are required in front of the sidewalk (along the pavers).
>
> No outside storage was permitted within the access lane.
>
> The fence and materials are located in Trent Place . . . .
>
> Barbed wire is not permitted on the fence or a variance is required.
>
> A copy of the lease agreement with Conrail needs to be submitted.

The non-conforming conditions specifically included a masonry contractor using the property without a certificate of occupancy; fencing and outdoor storage within <span style="color:red">the</span> township's rights-of-way; a dumpster (structure) straddling the property line with adjoining

---

> A masonry contractor is running a business on the property without a certificate of occupancy.
>
> There are several buildings that are in poor condition. The canopy has collapsed on one of the buildings. The Building Department will need to determine whether the buildings are safe for occupancy.
>
> There is no signage to direct traffic as required by a prior Board approval.
>
> A variance will be required for insufficient setbacks of the outside storage.
>
> A variance is also required for insufficient parking. Additional variances may be required.
>
> The overall maintenance of the property needs to be in compliance with the Township's Property Maintenance Ordinance.
>
> The owner of the property entered into a developer's agreement with the Township as part of a 1990 Planning Board approval. There is no record of any payments being made as required by the agreement. The owner should provide proof of payment or the payments will be required to be made.

There was no evidence that township ever sought to enforce its ordinances or the conditions to its earlier approvals.

railroad property; and sand and gravel storage bins located on the railroad's property. The conditions demonstrating noncompliance with the 1990 and 1992 approvals were the use of the adjoining railroad property without site plan approval, the use of fencing within the township's rights-of-way, and the use of those rights-of-way for storage. Also, the zoning officer concluded that new fencing, a wall, or plantings, must be erected by plaintiff because outdoor storage was required to be fenced pursuant to township ordinances.

As a result of the deficiencies found by the zoning officer, she determined that Kings did not qualify for a CO or an exemption from seeking site plan approval.[3] The zoning officer met with plaintiff's and Kings' representatives in an attempt to resolve the issues related to her denial of Kings' application and those

---

[3] Piscataway Township Zoning Ordinance No. 24-201.1 provides for exemption from site plan approval as long as four conditions are met. One of them was:

> that the existing building and new use or change comply with all of the above and the structure and lot comply with all of the zoning district regulations, inclusive of parking, buffer areas and location and size of signs for a change of use and/or change of occupancy, and a written report from the zoning officer that adequate landscaping exists or is proposed.
>
> [Piscataway Twp., N.J., Code ch. 24-201(a)(4).]

related to Kings' anticipated use of the property, which turned out to include a more extensive retail operation than that which plaintiff conducted from the premises. Despite that meeting and subsequent submissions from plaintiff and Kings, the zoning officer did not change her denial of Kings' application for a zoning permit and CO. Thereafter, Kings terminated its offer to purchase plaintiff's property.

Plaintiff filed its first complaint on November 4, 2011, seeking injunctive relief, requiring the township to issue the zoning permit and CO, and alleging that its constitutional rights had been violated by the zoning officer's interpretation of the township's zoning ordinances. Plaintiff alleged that the township's and its board's actions were jeopardizing its sale to Kings. In addition to injunctive and declaratory relief, plaintiff sought damages and counsel fees.

While plaintiff's lawsuit was pending, it applied for a CCO in its own name on March 9, 2012, which the zoning officer denied on March 26, 2012. Plaintiff appealed that denial to the zoning board on April 12, 2012. Plaintiff also filed a complaint in lieu of prerogative writs, challenging the zoning officer's denial of plaintiff's application, before the zoning board decided the appeal plaintiff had filed with that board.

After plaintiff filed the second complaint, it rectified the violations and non-conforming conditions identified earlier by the zoning officer. Plaintiff removed fences from all township rights-of-ways, removed all items on the adjoining railroad property, displayed proper signage, and installed tire stops on the parking lot. The zoning officer inspected the property and confirmed that plaintiff had corrected the violations. The zoning officer approved the application and issued a CCO to plaintiff.

Despite its receipt of the CCO, plaintiff did not withdraw its appeal to the zoning board, nor did it dismiss its pending complaints. At a hearing on March 21, 2013, the zoning board confirmed that plaintiff had corrected the conditions and that a CCO had been issued. Plaintiff was nevertheless given an opportunity to explain why it continued to pursue the appeal when it already had the CCO and to present testimony and evidence in support of its original claims. The zoning board concluded in its resolution dated April 11, 2013, that plaintiff's application was properly denied for the reasons stated by the zoning officer. Plaintiff filed its third complaint, another action in lieu of prerogative writs, challenging the zoning board's decision.

After the trial court scheduled plaintiff's first action for trial and the discovery end date had passed, plaintiff filed a motion for partial summary judgment. The township, its council,

A-1309-13T4

and planning board also filed a motion for summary judgment seeking dismissal of plaintiff's complaint with prejudice. Plaintiff filed a cross-motion for an order permitting it to file a second amended complaint.

Judge James P. Hurley considered counsels' oral arguments on the parties' motions on August 26, 2013, and issued orders on October 7, 2013, denying plaintiff's motion and cross-motion, and granting defendants' motions. Judge Hurley set forth his reasons in a twelve-page, single-spaced written decision.

The judge first addressed plaintiff's motion to file a second amended complaint, compared the allegations of the proposed pleading to the first amended complaint and concluded that the claims proposed by amendment were already stated within the filed pleading. The judge determined that by attacking the application of the township's ordinance in the filed pleading, plaintiff challenged the township's ordinance facially as well as its application so there was no need to permit amendment, especially since the discovery period had already concluded and a trial date was scheduled.

Next, the judge addressed the parties' motions for summary judgment. After discussing the standard applicable to the motions, Judge Hurley summarized plaintiff's eleven claims for relief, considering each of them in light of what he found were the

undisputed facts. The judge described plaintiff's challenges to the manner in which the township officials applied its ordinances, and concluded that "[t]he interpretation of the ordinance [§ 24-201.1] is the basis of all claims for relief in plaintiff's complaint." Judge Hurley read the ordinance to require site plan approval on a change of occupancy "if a use [will be] inconsistent with the zoning regulations of the Township, or if the use is in violation of any prior site plan approval . . . ." He then found that at no time prior to the filing of its complaint did plaintiff correct its violations of the conditions of the planning board's earlier approvals. As a result of its non-compliance, the judge stated that plaintiff could have either applied to the planning board for relief from its obligations under the earlier approvals or it could have satisfied the conditions to avoid the requirement for site plan approval.

Judge Hurley also addressed plaintiff's argument that a municipality cannot withhold a CO "to assure that the use of property is in conformance with the zoning ordinance," and found plaintiff's reliance on our opinion in Cherry Hill Twp. v. Oxford House, Inc., 263 N.J. Super. 25, 51-52 (App. Div. 1993), to be inapposite because that case dealt with a denial of a CO because the proposed use was not permitted as compared to plaintiff's issues that were the result of its failure to comply with the

A-1309-13T4

conditions of the earlier approvals. Judge Hurley analyzed the township's ordinances relating to COs and CCOs and observed that the township's requirement that an applicant for a CCO seek a zoning permit was a recognized method to insure that a use will conform with a previously granted site plan approval. He rejected plaintiff's contention that this requirement was inconsistent with the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163, and that its application was limited to new developments or construction.

Judge Hurley turned to plaintiff's due process claims and concluded they were without merit. The judge found that upon the denial of Kings' application for a zoning permit and a CO, there were administrative remedies available to plaintiff that it did not pursue, including applications to the zoning board or the local construction board. Moreover, any constitutional challenge to the ordinance was meritless because plaintiff's failure to satisfy the conditions of the earlier approvals created plaintiff's problem.

Addressing defendants' motions and the interpretation of the ordinance the judge stated "there is nothing in §24-201 that requires a site plan review merely because of a change in occupancy" and that requiring a zoning permit as a prerequisite to a CCO does not conflict with the MLUL, nor does it violate

13

plaintiff's constitutional rights. Consequently, plaintiff suffered no deprivation of any property rights as a result of any action taken by the township or its boards and the delay plaintiff suffered that, as plaintiff alleged, interfered with its sale to Kings was caused only by plaintiff's failure to comply with the conditions of the earlier approval.

Similarly, Judge Hurley determined that, as no contract existed between plaintiff and the township or any of its boards, had plaintiff suffered any injury giving rise to a claim for damages not addressed in any specific statute, the court could not grant it any relief because plaintiff failed to comply with the Tort Claims Act, N.J.S.A. 59:1-1 to 12-3. The court also rejected plaintiff's civil rights violation claims under 42 U.S.C.A. § 1983 because neither the township nor its boards deprived plaintiff of any rights.

Finally, Judge Hurley addressed plaintiff's estoppel and laches arguments that were based upon its claim that the township was barred from requiring compliance with the prior approvals because it issued a CO in 1999 that did not mention "plaintiff's noncompliance." The judge observed that plaintiff's 1999 application failed to disclose the prior approval, as required by the form, and, in any event, even if the zoning officer erred in 1999 by not discovering the outstanding violations, only the board

14                                                    A-1309-13T4

was empowered to relieve plaintiff from its obligations to comply. Relying upon on settled case law, the judge concluded that estoppel and laches were not viable legal arguments under the circumstances presented. The judge also found inapplicable plaintiff's argument that the township's boards did not "turn square corners" in its consideration of the applications for the zoning permit and CCO.

The township subsequently filed a summary judgment motion, seeking to dismiss plaintiff's first action in lieu of prerogative writs. On June 23, 2014, Judge Hurley considered counsels' oral arguments regarding the township's motion. At the hearing, the township's attorney argued that summary judgment should be granted for the same reason that the judge granted that relief in plaintiff's earlier action arising from the denial of Kings' application. Plaintiff's counsel offered no oral argument and the judge, relying upon In re estate of Dawson, 136 N.J. 1, 20 (1994), concluded that application of collateral estoppel mandated the dismissal of the complaint for the same reason that he dismissed plaintiff's complaint in the earlier action. Judge Hurley entered an order on the same date dismissing the complaint against the township.

The zoning board later filed a motion for summary judgment seeking the dismissal of plaintiff's second prerogative writ action. Judge Douglas K. Wolfson considered counsels' oral

arguments on January 23, 2015, relating to plaintiff's second prerogative writ complaint that challenged the zoning board's sustaining the zoning officer's denial of a permit and CCO to plaintiff. At the hearing, the judge established that the only remaining defendant in the case was the zoning board due to earlier voluntary dismissals. In response to questioning by the judge, plaintiff's counsel admitted that the relief plaintiff was seeking in its complaint, the issuing of the CCO, was moot because the zoning officer had already issued the permit and certificate. Nevertheless, counsel argued plaintiff was entitled to a determination that the zoning officer's initial decision was wrong and the ordinance relied upon by the board was invalid. After considering counsels' arguments, Judge Wolfson concluded that the issues being raised were moot and, even if they were not, that the zoning officer and board's actions were not arbitrary, capricious, or unreasonable based upon plaintiff's failure to satisfy the conditions of the earlier approval. Accordingly, the judge entered an order dismissing plaintiff's complaint.

On appeal, plaintiff's numerous arguments focus on what it argues was either the misapplication of the township's ordinance § 24-201.1 or it being facially unconstitutional to the extent it deprived plaintiff or Kings' of the zoning permit and CCO necessary to the sale of plaintiff's property or its continued use.

Plaintiff contends that its failure to comply with any of the conditions of the earlier approvals could not be relied upon to deny the subject applications. Plaintiff alleges it was caused to suffer deprivation of its "protectable property interest" and diminished the value of its property. Plaintiff also argues again that notions of estoppel barred the township from denying the applications and the wrongful denials caused it to suffer damages for which it should be compensated. Plaintiff also contends that the actions of all of the municipal boards were arbitrary, capricious, and unreasonable. Finally, plaintiff argues it should have been permitted to file a second amended complaint in its original action.

We review a trial court's grant of summary judgment de novo and apply the same standard as the trial court. Cypress Point Condo. Ass'n v. Adria Towers, L.L.C., 226 N.J. 403, 414 (2016). Summary judgment must be granted if there is no genuine issue of material fact challenged and the moving party is entitled to judgment as a matter of law. R. 4:46-2. No special deference is afforded to the legal determinations of the trial court when no issue of fact exists. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

We conclude from our de novo review that plaintiff's contentions are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by both Judge Hurley and Judge Wolfson. We add only the following brief comments.

The thrust of plaintiff's arguments has been that the township could not enforce the conditions of the earlier approvals by requiring site plan approval. Therefore, plaintiff was entitled to the zoning permit and CO. Plaintiff's premise is incorrect.

A zoning permit is different from a CO or a CCO. Despite the different purposes that zoning permits and COs and CCOs are intended to address, "there is some overlap." Cox & Koenig, Current N.J. Zoning & Land Use Administration 257 (2017).

A zoning permit relates to the specific use a property is put to and that which a purchaser may propose. See N.J.S.A. 40:55D-68; see also Twp. of Mahwah v. Landscaping Techs., Inc., 230 N.J. Super. 106, 109-10 (App. Div. 1989). "The obvious purpose of requiring a zoning permit is to assure that the proposed use, construction or alteration will be in accordance with the provisions of the zoning ordinance." Cox & Koenig, supra, at 253.

"[A] certificate of occupancy is not a device to assure that the use of property is in conformance with the zoning ordinance of the municipality." Twp. of Mahwah, supra, 230 N.J. Super. at

18

109; see also Cherry Hill Twp., supra, 263 N.J. Super. at 52. A CO and a CCO relate to the construction and conditions on the property as compared to its use. A CO "indicat[es] that the construction authorized by [a] construction permit has been completed in accordance with the construction permit, the State Uniform Construction Code and any ordinance implementing said code." N.J.S.A. 52:27D-121; see also N.J.S.A. 52:27D-133; N.J.A.C. 5:23-1.4. A CCO addresses whether there are any violations of construction regulations or unsafe conditions on a property. "A [CO]'shall be issued by the enforcing agency when all of the work covered by a construction permit shall have been completed in accordance with the permit, the code, and other applicable laws and ordinances.'" DKM Residential Props. Corp. v. Twp. of Montgomery, 363 N.J. Super. 80, 89 (App. Div. 2003) (quoting N.J.S.A. 52:27D-133), rev'd on other grounds, 182 N.J. 286 (2005). "Required provisions of every certificate of occupancy include: 'that the completed project meets the conditions of the construction permit, the approved drawings including all amendments, and all prior approvals' and that all necessary inspections have been completed and that the completed project meets the requirements of the regulations.'" Ibid. (emphasis added) (quoting N.J.A.C. 5:23-2.24(a)(1) and (3)).

Applying these definitions, we find no error in either of the judges' determinations in this matter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1309-13T4