755 A.2d 1221 (2000)
333 N.J. Super. 451
Sung JI and Eun Ji, Plaintiffs-Appellants,
v.
Alec PALMER, Defendant, and
Dan Smith, individually and t/a Dan Smith Realty; Ralph Catrambone, individually and t/a Shenkman And Catrambone Realty, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 2000.
Decided August 1, 2000.
*1223 Jay L. Hundertmark, Northfield, argued the cause for appellants (Mr. Hundertmark, on the brief).
Stephen F. Funk, Atlantic City, argued the cause for respondent Ralph Catrambone, individually and t/a Shenkman and Catrambone Realty (Fox, Rothschild, O'Brien, & Frankel, attorneys; Mr. Funk, on the brief).
Respondent Dan Smith, individually and t/a Dan Smith Realty did not file a brief.
Before Judges HAVEY, KEEFE and COLLESTER.
*1222 The opinion of the court was delivered by HAVEY, P.J.A.D.
Plaintiffs purchased a four-unit residential property in Atlantic City. The property is in the R-2 zone, permitting only single-family dwellings. In their complaint they allege that defendants Dan Smith and Ralph Catrambone, real estate brokers, failed to obtain a Certificate of Land Use before transferring title, as required by the City's land-use ordinance, and represented at closing that the Certificate of Occupancy produced by the seller satisfied the City ordinance requirement. Plaintiffs' seven-count complaint against Smith, Catrambone and the seller, Alec Palmer,[1] also alleges violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -48, negligence, breach of contract, breach of implied warranty and breach of a covenant of good faith and fair dealing.
Plaintiffs now appeal the entry of summary judgment in favor of Smith, and from a judgment of involuntary dismissal in favor of Catrambone entered during a bench trial at the close of plaintiffs' case. We affirm the summary judgment in favor of Smith and reverse the judgment of involuntary dismissal in favor of Catrambone. We conclude that Catrambone's statement to plaintiffs that the Certificate of Occupancy satisfied the Certificate of Land Use requirement established a prima facie case under the Consumer Fraud Act, N.J.S.A. 56:8-2. We therefore remand for further proceedings as to the consumer fraud claim against Catrambone.
In 1989, plaintiff Sung Ji (Ji), noticed a "For Sale" sign in front of a four-unit property on South Kingston Avenue, Atlantic City. He contacted Catrambone, a real estate broker with whom he had previously dealt and who knew that he was looking for investment property. It is undisputed *1224 that the property is in the R-2 zone, permitting only single-family residential use.
Ji and Catrambone inspected the four-unit property. Together they evaluated the income and expense records of the property. Catrambone drafted a contract of sale dated June 1, 1989, with a purchase price of $175,000. Catrambone added to the preprinted contract several clauses, including paragraph 23, which stated, "The Seller will pay for and provide Buyers with Certificates of Occupancy and Certificate of Land Use from the City of Atlantic City and that said certificates shall reflect no violations." Smith, the listing broker, produced a Certificate of Occupancy issued by the City's Code Enforcement Administrator. The Certificate of Occupancy stated that the property had been inspected in accordance with the City's adopted BOCA Codes and was "not in violation of currently effective Municipal Property Maintenance Code." However, no Certificate of Land Use was produced by Palmer or Smith at the time of closing. Plaintiffs nevertheless closed title to the property on September 15, 1989.[2] In February 1993, plaintiffs were charged with violating the Atlantic City Zoning Ordinance for failing to receive an approved Certificate of Land Use for the four units.[3]
On cross-motions for summary judgment, the complaint against Smith was dismissed in its entirety. The trial court denied Catrambone's motion to dismiss plaintiffs' consumer fraud claim, but dismissed the remaining counts, including the count alleging negligence.
During the bench trial, plaintiffs called Catrambone as their witness. Catrambone explained that he had no knowledge of the zoning restrictions affecting the property, and never stated to plaintiffs that there might be a problem operating the property as a four-unit complex. He stated that a representative of Dan Smith Realty had advised him that the property had been used as a four-unit complex since the 1960s. Catrambone conceded that he reviewed with Ji the rental income and expense history of the units, obtained from Multiple Listing and Dan Smith Realty, because Ji "wanted to know if [the property] made a profit."
The June 1, 1989 contract prepared by Catrambone contained an attorney's review clause. See New Jersey Bar Ass'n v. New Jersey Ass'n of Realtor Boards, 93 N.J. 470, 479-80, 461 A.2d 1112 (1983). Catrambone advised Ji that he intended to send the contract to Ji's real estate lawyer, but Ji told him that he did not want an attorney. Catrambone testified that he placed several additional clauses in the contract for plaintiffs' protection, including paragraph 23, requiring the seller to produce Certificates of Occupancy and a Certificate of Land Use. He acknowledged that the certificates are separate and distinct documents, the Certificate of Occupancy certifying the habitability of a structure, and the Certificate of Land Use certifying that the present use of a property is permitted.[4] He had obtained Certificates of Land Use from the City of Ventnor, but did not know whether such certificates were necessary in Atlantic City. He nevertheless included paragraph *1225 23 in the event such a certificate was required.
Catrambone explained that at closing Dan Smith Realty advised him that "they couldn't get a Certificate of Land Use, and that the City was issuing something else instead." The representative said to him, "Ralph, don't worry, the property has been four apartments for at least back to sometime in the `60s." Catrambone testified, "[W]e were told that the Certificate of Occupancy took the place of the Certificate of Land Use," and explained, "How was I not to believe that this [Certificate of Occupancy] was not acceptable?" Catrambone further testified, "I looked at [the Certificate of Occupancy] and handed it to [Ji] and said ..., `This is what they're giving us. This looks acceptable to me.'"
Ji testified that he did not recall seeing the Certificate of Land Use, explaining, "I didn't know what is a land use certificate, honestly." He also testified that Catrambone did not suggest that the closing be suspended to permit Ji to consult an attorney, nor did he disclose that there might be a problem with the documents submitted by the seller.
At the close of plaintiffs' proofs, the trial court entered a judgment of involuntary dismissal in favor of Catrambone. See R. 4:37-2(b). The court identified the single issue to be decided as follows:
whether Catrambone engaged in affirmative acts so as to induce plaintiffs into believing that the premises in question could be legally used as a four-family building or by remaining silent when he knew that it could not be.
The court concluded that no rational factfinder could find that Catrambone knew that the property was subject to zoning constraints because the testimony was uncontradicted that he was under the impression "as was everyone else involved in this deal, that it could be used for four units." It rejected plaintiffs' argument that a review of income and expense figures relating to the rental units constituted an "affirmative misrepresentation." It stated that "[Catrambone] went over figures that were provided by others; that's what he did," conduct which, the court remarked, "could not possibly be what is intended to be covered by the Consumer Fraud Act as a misrepresentation."

I
Plaintiffs first argue that the trial court erred in dismissing their negligence count against Catrambone by summary judgment. We disagree.
During the summary judgment motion, plaintiffs pressed their claim of negligence against Catrambone, arguing that he was negligent in failing to determine and disclose that present zoning restrictions prohibited the subject property's use as a four-unit dwelling. At the close of the arguments, the trial court denied in its entirety Catrambone's motion for summary judgment, but granted Smith's motion dismissing plaintiffs' complaint and Catrambone's cross-claim against him. Catrambone's counsel then reminded the court that if the negligence claim against Catrambone remained, then Catrambone's cross-claim against Smith seeking contribution based on Smith's own negligence should remain as well. The following colloquy ensued:
THE COURT: Okay. Let's make it clear, then. The two issues in the case that are going to require trial are the consumer fraud aspect of Catrambone's "sitting down and talking to Ji about the facts and figures and going over with itgoing over that with him and leading him to the conclusion that he could buy this property as a four-family property."
And secondly, that Catrambone knew that this was a foura single-family areazoned areaand that he failed to reveal that to Ji.
MR. HUNDERTMARK [plaintiffs' counsel]: Correct, Your Honor.
THE COURT: And that can go to both negligencewell, that's not negligence. That's
*1226 MR. WOOD [Catrambone's counsel]: No.
THE COURT: That's consumer fraud.
MR. HUNDERTMARK: That's consumer fraud. I mean, I can live with that, Your Honor.
THE COURT: Okay. Okay. So, that he knew that it was a single-family zoned area and that he failed to tell Mr. Ji about that and that would be an act of consumer fraud.
So, that'sthat's what we're going to try the case on, then. Okay?
MR. WOOD: As long as we're clear there is no longer a negligence claim in this case. The only thing that's left is Mr. Catrambone's knowing omission and Mr. Catrambone's fact that he sat down with Mr. Ji, I have no objection to having Mr. Smith dismissed from the case.

[Emphasis added.]
As a result, a partial summary judgment order was entered dismissing plaintiffs' complaint against Smith and Catrambone's cross-claim against Smith. The order further states:
4. Any and all claims by plaintiffs against defendants Ralph Catrambone and Shenkman and Catrambone Realty, except for the alleged violation of the Consumer Fraud Act, be and hereby are dismissed, with prejudice.
5. The only issues for trial in this matter are whether defendant Ralph Catrambone violated the Consumer Fraud Act by engaging in affirmative acts so as to induce plaintiffs into believing that the premises in question could be legally used as a four family building, or by remaining silent when he knew that it could not be.
We are satisfied that the concession by plaintiffs' counsel on the motion for summary judgment forecloses their contrary argument on appeal. See Misani v. Ortho. Pharm. Corp., 44 N.J. 552, 555-56, 210 A.2d 609, appeal dismissed, 382 U.S. 203, 86 S.Ct. 398, 15 L.Ed.2d 270 (1965); First Am. Title Ins. Co. v. Vision Mortgage Corp., 298 N.J.Super. 138, 143, 689 A.2d 154 (App.Div.1997). During the motion, plaintiffs' counsel unequivocally stated, "I can live with that," when the trial court narrowed the issues to plaintiffs' claims under the Consumer Fraud Act. Catrambone specifically dismissed his cross-claim against Smith, couched in negligence, in reliance on counsel's statement. Moreover, the dismissal rendered unnecessary additional discovery and no doubt use of experts to address whether Catrambone and Smith had a duty to investigate the zoning status of the subject property, and whether they had breached that duty. Because of the concession by plaintiffs' counsel, the trial court concluded that it was unnecessary to decide those issues. Plaintiffs cannot now resurrect their negligence claim on appeal.

II
Plaintiffs argue that the trial court erred in granting Catrambone an involuntary dismissal of their consumer fraud claim. Specifically, they argue that the evidence, taken with the legitimate inferences therefrom, could sustain a judgment in their favor, see Rule 4:37-2(b), based on Catrambone's: (1) "omission" in failing to tell them that the property was zoned for single-family residential use only; (2) "affirmative misrepresentation" that the property was a permitted four-unit dwelling by reviewing with plaintiffs the income and expense history of the rental units; and (3) affirmative misrepresentation at closing that the Certificate of Occupancy satisfied the City's requirement that a Certificate of Land Use be obtained upon transfer of title.
On a motion for involuntary dismissal under Rule 4:37-2(b), the judicial function "is quite a mechanical one. The trial court is not concerned with the worth, *1227 nature, or extent (beyond a scintilla) of the evidence, but only with its existence, viewed most favorably to the party opposing the motion." Dolson v. Anastasia, 55 N.J. 2, 5-6, 258 A.2d 706 (1969). Even where the matter is tried without a jury, as here, the motion must be denied if plaintiff has demonstrated a prima facie case, that is, "any evidence including any favorable inferences to be drawn therefrom which could sustain a judgment in plaintiff's favor." Pressler, Current N.J. Court Rules, comment 2 on R. 4:37-2(b) (2000); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 535, 666 A.2d 146 (1995).
N.J.S.A. 56:8-2 provides:
The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice....
The Consumer Fraud Act is intended to protect consumers from deception and fraud, "even when committed in good faith." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 604, 691 A.2d 350 (1997); see also Cox v. Sears Roebuck & Co., 138 N.J. 2, 16, 647 A.2d 454 (1994). "An intent to deceive is not a prerequisite to the imposition of liability." Gennari, supra, 148 N.J. at 605, 691 A.2d 350 (citing Strawn v. Canuso, 140 N.J. 43, 60, 657 A.2d 420 (1995)). Consumer fraud may consist of affirmative acts or acts of omission. Strawn, supra, 140 N.J. at 60, 657 A.2d 420. In contrast to a claim of an actionable "omission," which requires a finding that the defendant acted "knowingly," ibid, "[o]ne who makes an affirmative misrepresentation is liable even in the absence of knowledge of the falsity of the misrepresentation, negligence, or the intent to deceive." Gennari, supra, 148 N.J. at 605, 691 A.2d 350; Strawn, supra, 140 N.J. at 60, 657 A.2d 420.
During Catrambone's motion for involuntary dismissal, plaintiffs' counsel conceded that he could not demonstrate that Catrambone "knowingly" concealed the fact that the subject property was zoned only for single-family residential use. Indeed, the concession was firmly grounded on the facts. Catrambone's testimony that he did not know about the zoning restriction was uncontroverted. Thus, plaintiffs claim based on a knowing omission was properly dismissed.
Plaintiffs next argue that Catrambone's act of "sitting down and going over profit and loss figures with [Ji]," constituted an affirmative misrepresentation because it reinforced the seller's misrepresentation that the subject property could legally be used as a four-unit complex. We do not agree. Reviewing the net cash flow generated by the units was hardly a misrepresentation regarding the zoning regulation of the property. At best, it merely confirmed the earning capacity of the units, not that the complex was a permitted use. Further, the rental figures, while material to the transaction, were not false in fact.
More troubling are Catrambone's statements during the closing. Catrambone himself had added paragraph 23 to the contract, requiring the seller to produce Certificates of Occupancy and a Certificate of Land Use. He testified that he knew the conceptual difference between the two, and that he expected the seller to produce the Certificate of Land Use. When the seller did not do so, Catrambone gave the Certificate of Occupancy to Ji and stated to him, "This is what they're giving us. This looks acceptable to me."
*1228 In order to establish an affirmative misrepresentation violative of the Consumer Fraud Act, plaintiffs were not required to show Catrambone's knowledge of the falsity of his statement or an intent to deceive. Strawn, supra, 140 N.J. at 60, 657 A.2d 420. An affirmative misrepresentation in the context of the Act is "one which is material to the transaction and which is a statement of fact, found to be false, made to induce the buyer to make the purchase." Gennari v. Weichert Co. Realtors, 288 N.J.Super. 504, 535, 672 A.2d 1190 (App.Div.1996), aff'd, 148 N.J. 582, 691 A.2d 350 (1997). A statement or matter is material if:
(a) a reasonable person would attach importance to its existence in determining a choice of action ...; or (b) the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action, although a reasonable man would not so regard it.
[Restatement (Second) of Torts § 538(2) (1977).]
See also Strawn, supra, 140 N.J. at 64 n. 4, 657 A.2d 420. Whether or not Catrambone's statement was material is a fact issue left unresolved by the trial court. Ji may or may not have attached importance to the statement in determining whether to close title, or Catrambone may or may not have known that Ji regarded or was likely to regard the statement as important in deciding his choice of action. Because Ji candidly acknowledged during his testimony that he did not recall any conversation regarding the Certificate of Land Use, a factfinder may reasonably conclude that Catrambone's statement was inconsequential. But the entirety of the testimony and proofs must be considered in resolving that issue.
Catrambone's statement that the Certificate of Occupancy was "acceptable" was, in our view, a statement of fact that the document satisfied the requirement that a Certificate of Land Use be obtained upon closing of title. The fact that plaintiffs were cited by the City for operating the four-unit complex without the certificate established the falsity of Catrambone's statement.
The question whether the statement "induced" Ji to follow through with the purchase was also left unanswered by the trial court. We note in that regard that Catrambone never put forward his proofs concerning the issues of the materiality of the statement or whether the statement induced plaintiffs to close title.
Accordingly, we reverse the involuntary dismissal of plaintiffs' consumer fraud claim against Catrambone and remand for further proceedings. Because the case was tried without a jury, the matter should be returned to the trial court which entered the order for the purpose of receiving the testimony and proofs of Catrambone, if any. Upon completion of the case, the trial court should make findings of fact and conclusions of law on the affirmative misrepresentation issue.

III
Plaintiffs also argue that the trial court erred in granting summary judgment to Smith, dismissing their complaint in its entirety against him.
The Consumer Fraud Act prohibits the unlawful conduct "by any person... in connection with the sale or advertisement of any merchandise or real estate...." N.J.S.A. 56:8-2 (emphasis added). Accordingly, plaintiffs may pursue a consumer fraud claim against Smith, despite the fact that he was not acting in a representative capacity as their broker.
However, the problem with plaintiffs' argument is that it is based on the trial testimony of Catrambone concerning alleged misrepresentations by a representative of Dan Smith Realty concerning the acceptability of a Certificate of Occupancy in lieu of a Certificate of Land Use. In reviewing a summary judgment, we can *1229 "consider the case only as it had been unfolded to that point" and the evidential material submitted on that motion. Bilotti v. Accurate Forming Corp., 39 N.J. 184, 188, 188 A.2d 24 (1963); Scott v. Salerno, 297 N.J.Super. 437, 447, 688 A.2d 614 (App.Div.), certif. denied, 149 N.J. 409, 694 A.2d 194 (1997). According to the summary judgment record before us, nothing supports a prima facie case of consumer fraud or negligence against Smith. We therefore affirm the summary judgment in his favor.
Affirmed in part; reversed and remanded for further proceedings.
NOTES
[1] Palmer is in bankruptcy, and the complaint against him was dismissed.
[2] Dan Smith Realty and Catrambone split equally a five percent commission earned on the sale.
[3] Plaintiffs applied to the Zoning Board for a Certificate of Nonconformity in accordance with N.J.S.A. 40:55D-68. That application was denied, and on their action in lieu of prerogative writs challenging the denial, a judgment of dismissal was entered in favor of the Board. We affirmed that judgment in an opinion filed simultaneously with this opinion. See Ji v. Atlantic City Zoning Board of Adjustment, A-4191-98T2 (App.Div. July 2000).
[4] For a detailed description of the difference between a Certificate of Occupancy and a "zoning permit," see Township of Mahwah v. Landscaping Techs., Inc., 230 N.J.Super. 106, 109, 552 A.2d 1021 (App.Div.1989) and Cherry Hill Township v. Oxford House, Inc., 263 N.J.Super. 25, 51-52, 621 A.2d 952 (App.Div. 1993).