894 A.2d 68 (2006)
384 N.J. Super. 129
Theodore and Frances VAGIAS, Plaintiffs-Appellants,
v.
WOODMONT PROPERTIES, L.L.C., Woodmont Court at Montville, L.L.C., Defendants, and
Weichert Co. (Formerly Weichert Realtors), Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted February 28, 2006.
Decided March 22, 2006.
*69 Braff, Harris & Sukoneck, Livingston, for appellants (Gloria B. Cherry, on the brief).
Laddey, Clark & Ryan, for respondent (Thomas N. Ryan, Sparta and Lawrence J. Supp, Belvidere, on the brief).
Before Judges COLLESTER, LISA and S.L. REISNER.
The opinion of the court was delivered by
S.L. REISNER, J.A.D.
"Location, location, location."
We begin this opinion with the real estate profession's well-known sales pitch, because it informs our conclusion that a realtor's misrepresentation about the location of a house can constitute a violation of the Consumer Fraud Act.

I
These are the facts, as drawn from the evidence submitted on defendant's summary judgment motion. The Township of Montville, Morris County, has three distinct sections, Montville, Towaco, and Pine Brook. Plaintiffs, Theodore and Frances Vagias, wanted to buy a house in the Montville section of the Township, because they perceived that it was more prestigious than the other sections, had higher property values, and had a particularly good elementary school to which they wanted to send their son. They told their real estate agent, Gabrielle Dingle of Weichert Co., that they wanted to purchase a house in the Montville section, as opposed to either of the other two sections of the Township.
After seeing an advertisement for newly-built homes in a development called "Woodmont Court at Montville," plaintiffs and their realtor met with the builder and looked at a house in the Woodmont development. During their conversation with the builder, he assured plaintiffs that the house was in the Montville section of the Township. Dingle, who was present at the time, also said that the house was in "Montville." When Mrs. Vagias expressed some concern about the fact that the house was located near power lines and near Route 287, Dingle told her:
Fran, I think this is it. It's a beautiful house. It's in Montville. Don't worry *70 about ... the power lines and 287. Montville, you know, you want a new house....
She said, [t]his is a great house in Montville.
Plaintiffs paid $743,435.38 for the house, based on the statements by the builder and Dingle that the house was located in Montville. The HUD Uniform Settlement Statement also recited that the house was in "Montville."
Shortly after they moved in, however, plaintiffs learned that the house was not in the Montville section but rather was in the Towaco section of the Township. They produced an expert report attesting that the sale value of the house was lower because it was located in Towaco rather than Montville. Further, because the house was located in Towaco, they were unable to send their son to the highly-rated elementary school in Montville. Additionally, their expectations were disappointed, in that they had wanted to live in what they perceived as a more prestigious area and had been willing to a pay a premium for that opportunity.
Plaintiffs sued Weichert under the Consumer Fraud Act, N.J.S.A. 56:8-2. They did not contend that Dingle intentionally misled them. They contended that she was either mistaken or misled by the builder when she told them that the house was in "Montville." In her deposition, Mrs. Vagias testified that, like plaintiffs, Dingle "was under the assumption that [the house is] in Montville with a Montville address. So we were all fooled." But plaintiffs contended that Dingle's conduct nonetheless violated the Consumer Fraud Act, because she had made an affirmative false statement which concerned a matter of considerable consequence in the transaction and on which they relied to their detriment.[1]
The trial court granted defendant's motion for summary judgment concluding that the realtor's conduct did not violate the Consumer Fraud Act. The motion judge reasoned that Dingle's conduct constituted an "omission" rather than an affirmative misstatement in that she correctly stated that the house was in "Montville" but she omitted the word "Township." Further, she concluded that Dingle's statement was more akin to "puffery" than fraud and was not the kind of egregious conduct that the Act was intended to prevent. In addition to dismissing the complaint, the judge awarded defendant counsel fees under the trial de novo rule. R. 4:21A-6(c)(3).

II
The Consumer Fraud Act prohibits both affirmative acts of deception and acts of omission:
The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.
[N.J.S.A. 56:8-2; emphasis added.]
*71 As we held in Chattin v. Cape May Greene, Inc., 243 N.J.Super. 590, 581 A.2d 91 (App.Div.1990), aff'd per curiam, 124 N.J. 520, 591 A.2d 943 (1991), the Act
thus creates two categories of prohibited acts. The first category (unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation) consists of affirmative acts, and the second category (concealment, suppression or omission of any material fact) consists of acts of omission.

[Id. at 598, 581 A.2d 91.]
The prohibited affirmative acts do not require proof of intent to mislead.
The capacity to mislead is the prime ingredient of deception or an unconscionable commercial practice. Intent is not an essential element. Since consumer protection is the ultimate goal, the standards of conduct established by the Act ... must be met regardless of intent except when the Act specifically provides otherwise.
[Fenwick v. Kay Am. Jeep, Inc., 72 N.J. 372, 378, 371 A.2d 13 (1977).]
For example in Ji v. Palmer, 333 N.J.Super. 451, 755 A.2d 1221 (App.Div. 2000), we held that the purchasers of a four-unit apartment building stated a claim under the Act where a realtor mistakenly advised them that a certificate of occupancy was sufficient to prove that the property could be rented as a multi-family dwelling. In fact, the required proof was a certificate of land use. Unknown to the realtor and plaintiffs, the property was zoned for single-family occupancy only, and plaintiffs, who had bought the building for investment purposes, were unable to rent it. We held that:
In order to establish an affirmative mis-representation violative of the Consumer Fraud Act, plaintiffs were not required to show [the realtor's] knowledge of the falsity of his statement or an intent to deceive.
[Id. at 462, 755 A.2d 1221.]
On the other hand, the Act specifically provides that acts of omission must be "knowing" and committed with "intent" to induce reliance. N.J.S.A. 56:8-2; Chattin, supra, 243 N.J.Super. at 598, 581 A.2d 91. Applying these principles, the trial court concluded that Dingle's statement was an omission, and because plaintiffs did not contend she omitted information intentionally, they could not sustain a cause of action under N.J.S.A. 56:8-2. We part company with the trial court on this issue.
Our review of the trial court's grant of summary judgment is de novo, analyzing the evidence under the Brill standard. Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378, 658 A.2d 1230 (1995); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995). Giving plaintiffs the benefit of all favorable inferences, as Brill requires, they told Dingle that they wanted to live in "Montville" as opposed to other sections of Montville Township. Hence, when she told them that the house they were looking at was in "Montville" she made an affirmative misrepresentation. Her intent is not an issue for purposes of the Act. If she provided plaintiffs with affirmative misinformation on what she knew was a critical issue in their decision to purchase the house, she violated the Act. Ji, supra; Chattin, supra. Further, she was not an innocent bystander making a casual comment. She was assisting plaintiffs in choosing a house to buy, and she received a commission on the sale.
As the Court held in Gennari v. Weichert Company Realtors, 148 N.J. 582, 607, 691 A.2d 350 (1997):
"[n]ot just `any erroneous statement' will constitute a misrepresentation prohibited by [the Act]. The misrepresentation *72 has to be one which is material to the transaction and which is a statement of fact, found to be false, made to induce the buyer to make the purchase."
[Ibid.; quoting Gennari v. Weichert Co. Realtors, 288 N.J.Super. 504, 535, 672 A.2d 1190 (App.Div.1996).]
Here, Dingle's statements "were not idle comments or mere puffery." Ibid. She knew that location in the Montville section of the Township was very important to plaintiffs. She had been working with them for months to help them find a house to buy, and she was trying to convince them that they had finally found the right house and that they should buy it because of its Montville location.
We also disagree with the trial judge concerning the seriousness of the matter. Viewed in the light most favorable to plaintiffs, their proofs establish that they suffered injury well beyond an affront to their social status. They were unable to send their son to the school they had chosen, and the house they bought was worth less because it was located in Towaco instead of in Montville.
As the Supreme Court recognized in Gennari, supra, "[f]or most people, the purchase of a house will be the most important investment of a lifetime." 148 N.J. at 607, 691 A.2d 350. And the reality of the housing market is that purchasers routinely pay a premium for houses in locations they consider desirable because of the quality of the schools or for a myriad of other reasons. It is not unusual in this State for buyers to pay astronomical prices for houses in areas considered to have particular cachet. And real estate professionals typically market properties based on their location. It was surely no accident that the housing development in this case was advertised as "Woodmont Court at Montville" although it was located in Towaco.
Given the importance of location in the purchasing decision, buyers are entitled to expect that the realtors who are assisting them in their housing search will know where the houses are actually located. A realtor's misrepresentation on that critical issue is a serious matter and violates the Act. N.J.S.A. 56:8-2.
Because plaintiffs' proofs, viewed in the most favorable light, would support a conclusion that Dingle made an affirmative misrepresentation concerning the location of the house, and because such a misrepresentation would violate the Act even if she did not intend to mislead them, we reverse the order of dismissal and the award of counsel fees and remand this case for trial. In making this decision we have necessarily given plaintiffs' proofs the benefit of the doubt as required on a summary judgment motion; we intimate no view as to whether a jury will find their evidence credible. We decide only that they are entitled to their day in court.
Reversed and remanded.
NOTES
[1] Plaintiffs also sued the builder and the developer, Woodmont Properties, L.L.C. and Woodmont Court at Montville, L.L.C. The trial court ordered the complaint against Woodmont dismissed in favor of binding arbitration. We will refer to Weichert as "defendant."