**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0345-16T2

EUGENE J. PAYOR AND
JOANN WILCZYNSKI,

    Plaintiffs-Appellants,

v.

NEW JERSEY MANUFACTURERS
INSURANCE COMPANY,

    Defendant-Respondent.

_____

        Submitted October 2, 2017 — Decided November 15, 2017

        Before Judges Ostrer and Whipple.

        On appeal from Superior Court of New Jersey,
        Law Division, Monmouth County, Docket No. L-
        4734-14.

        Melissa Payor-Mackiewicz, attorney for
        appellants.

        Carton Law Firm, LLC, attorneys for respondent
        (Michael J. Lynch, on the brief).

PER CURIAM

Plaintiffs, Eugene Payor and Joann Wilczynski, appeal from an August 12, 2016 order granting summary judgment in favor of defendant, New Jersey Manufacturers Insurance Company.

We discern the following facts from the summary judgment record. In February 2011, plaintiff Wilczynski noticed a shower curtain rod had pierced the wall in her first-floor bathroom. She called defendant to report the issue and a plumber to repair the damage.

On March 1, 2011, defendant sent Tri-State Insurance Adjusters, Inc., (Tri-State) to inspect plaintiffs' home. Tri-State concluded a ruptured pipe underneath the first-floor bathroom was the origin of the damage and confirmed water damage to the interior of the home and to plaintiffs' personal property.

A few days later, a plumber arrived to fix the leak. Upon removing the shower, several walls, and the flooring, the plumber noticed the plywood underneath the floor was soaking wet and rotted. He repaired the leaking pipes and left the area exposed for Tri-State to further inspect.

On April 12, 2011, Tri-State retained Mark 1 Restoration, Inc., (Mark 1) to investigate the damage. Mark 1's project manager found visible mold spores on rotted plywood subflooring beneath the first-floor bathroom and determined the source of the damage

was a "probable diverter leak in the shower wall which softened the wall causing the curtain rod to run through the wall."

After reviewing Mark 1's report, defendant determined plaintiffs' additional damages were limited to $10,000 because of a mold rider in their homeowners policy. Defendant issued plaintiffs a $10,000 check for the mold damage in addition to $9,944.53 for plaintiffs' damaged personal property.

On December 9, 2014, plaintiffs filed a complaint asserting breach of contract and seeking declaratory relief that the $10,000 coverage limit in the mold rider did not limit their claim. Both parties moved for summary judgment. On August 12, 2016, the trial court denied plaintiffs' motion and granted defendant's cross-motion for summary judgment.

Plaintiffs appeal, arguing genuine issues of fact precluded summary judgment and the trial court misinterpreted the insurance policy. Plaintiffs also assert their personal property claim remains in dispute and public policy should favor the insured over the insurer. We have considered these arguments in light of the record and applicable legal principals and find them unpersuasive. We therefore affirm.

I.

When we review a grant of summary judgment, we use the same standard as that of the trial court. Globe Motor Co. v. Iqdalev,

225 <u>N.J.</u> 469, 479 (2016).  A court should grant summary judgment, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  <u>Ibid.</u> (citing <u>R.</u> 4:46-2(c)).  The evidence must be viewed in "the light most favorable to the non-moving party." <u>Mem'l Props., LLC v. Zurich Am. Ins. Co.</u>, 210 <u>N.J.</u> 512, 524 (2012).

Plaintiffs assert the mold rider does not limit recovery because the homeowners policy is susceptible to differing interpretations, which should be construed against defendant.  In interpreting an insurance policy, we "start with the plain language of the policy and 'give the words their plain, ordinary meaning.'" <u>Hardy ex rel. Dowdell v. Abdul-Matin</u>, 198 <u>N.J.</u> 95, 101 (2009) (quoting <u>President v. Jenkins</u>, 180 <u>N.J.</u> 550, 562 (2004)).  "Even exclusionary provisions are presumptively valid and will be given effect if specific, plain, clear, prominent, and not contrary to public policy."  <u>Id.</u> at 102 (citations omitted).  "In the absence of any ambiguity, courts should not write for the insured a better policy of insurance than the one purchased."  <u>Zacarias v. Allstate Ins. Co.</u>, 168 <u>N.J.</u> 590, 595 (2001) (quoting <u>Gibson v. Callaghan</u>, 158 <u>N.J.</u> 662, 670 (1999)).  If an ambiguity exists, it must be resolved against the insurer.  <u>Di Orio v. N.J. Mfrs. Ins. Co.</u>, 79

N.J. 257, 269 (1979). An ambiguity arises "where the phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage." Lee v. Gen. Accident Ins. Co., 337 N.J. Super. 509, 513 (App. Div. 2001) (citing Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 247 (1979)). Here, there is no ambiguity.

The homeowners policy in effect at the time of the incident insured against loss to property from water as a result of damaged plumbing, but specifically excluded mold or "fungi, wet or dry rot or bacteria." The policy also included an anti-concurrent/anti-sequential causation clause (sequential clause) applicable to the policy's exclusions. The sequential clause excluded "fungi, wet or dry rot or bacteria", regardless of any other cause or event contributing concurrently or in any sequence to the loss. The policy also contained a rider which gave back some excluded mold coverage, on a limited basis up to $10,000.

The trial judge correctly applied the sequential clause to plaintiffs' claim because the policy was written to provide coverage for damage from the broken pipe, but expressly limited additional recovery to $10,000 when an undetected leak caused mold and rot. By combining the sequential clause and the mold exclusion, the trial court reasoned plaintiffs' recovery was restricted to the mold endorsement's limit of $10,000. We agree.

A-0345-16T2

Sequential clauses resolve coverage issues, where two perils, one covered and one excluded, contribute to cause one loss. Sequential clauses are enforceable in New Jersey. See Simonetti v. Selective Ins. Co., 372 N.J. Super. 421 (App. Div. 2004); Assurance Co. of America v. Jay-Mar, Inc., 38 F. Supp. 2d 349 (D.N.J. 1998). Noting a lack of prohibition from the New Jersey Supreme Court, the United States District Court for the District of New Jersey found New Jersey would follow the majority rule that sequential clauses are enforceable. Assurance, supra, 38 F. Supp. 2d at 354. In particular, the court stated "there is no violation of public policy when parties to an insurance contract agree that there will be no coverage for loss due to sequential causes even where the first or the last cause is an included cause of loss." Ibid. We endorsed the District Court's reasoning in Simonetti, supra, 372 N.J. Super. at 431. Accordingly, we find the same rationale applicable here.

Plaintiffs assert defendant had the burden of proving the $10,000 mold exclusion applied and contend the trial court erred because it allowed defendant to satisfy its burden by showing mold was present, instead of showing it was the cause of the damage. "The insurer has the burden of establishing application of an exclusion." Cobra Prods., Inc. v. Fed. Ins. Co., 317 N.J. Super. 392, 401 (App. Div. 1998), certif. denied, 160 N.J. 89 (1999)

6

(citing <u>Hartford Acc. & Indem. Co. v. Aetna Life & Cas. Ins. Co.</u>, 98 <u>N.J.</u> 18, 26 (1984)). Defendant submitted the Mark 1 report in support of summary judgment and established the presence of mold spores in the first-floor's plywood subflooring. Consistent with the language of the sequential clause, defendant satisfied its burden because mold was a concurrent part of the damage. We reject plaintiffs' assertion that defendant had to show mold was the sole cause of loss, or at least caused an increase in loss, for the exclusion to apply.

Plaintiffs argue material facts exist as to the extent of damage caused by the mold and whether the mold existed when the damage was reported. Because the sequential clause applies and defendant demonstrated, through the unrebutted Mark 1 report, mold was a sequential part of the loss, there are no material relevant facts in dispute.

## II.

Plaintiffs argue their personal property claim remains in dispute because the trial court did not consider it when granting summary judgment for defendant. However, we are confined to the summary judgment record and plaintiffs did not raise this argument in opposing defendant's motion for summary judgment. <u>Lombardi v. Masso</u>, 207 <u>N.J.</u> 517, 542 (2011) (citing <u>Ji v. Palmer</u>, 333 <u>N.J. Super.</u> 451, 463-64 (2000)).

Any additional arguments introduced by plaintiffs are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION