**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2107-16T1

EDWARD GRIMES,

     Plaintiff-Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Defendant-Respondent.

_____

Submitted May 16, 2019 – Decided June 27, 2019

Before Judges Simonelli and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0532-15.

Edward Grimes, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Tasha M. Bradt, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Edward Grimes, an inmate at New Jersey State Prison, appeals from an August 19, 2016 order granting defendant New Jersey Department of Corrections' (DOC) motion for summary judgment and dismissing all claims against them. We affirm.

On May 2, 2014, plaintiff became acutely ill while in prison and was transported to the hospital for emergency treatment. Plaintiff was restrained with plastic handcuffs during transport. When plaintiff arrived at the hospital, the plastic handcuffs needed to be removed in order to provide plaintiff with necessary treatment. However, Senior Corrections Officer Boykin did not have the authorized cutters, so he used a pair of scissors instead. While attempting to remove the plastic handcuffs, Boykin cut plaintiff's palm. The injury required four stitches to close and allegedly left a bubble scar on plaintiff's left hand.

On May 23, 2014, plaintiff filed a notice of tort claim, and on July 9, 2015, filed a complaint in the Law Division against the DOC. The DOC moved for summary judgment arguing plaintiff's claims were barred because his injuries were not considered permanent under the New Jersey Tort Claims Act (TCA). N.J.S.A. 59:9-2(d). In his opposition to the motion, plaintiff admitted he did not suffer permanent bodily injury. Based on plaintiff's admission, the motion judge granted summary judgment and dismissed plaintiff's complaint with prejudice

because he did not establish the verbal threshold requirements of N.J.S.A. 59:9-2(d).  This appeal followed.

On appeal, plaintiff makes the following arguments:

POINT I

THE LAW DIVISION JUDGE ERRED WHEN HE DISMISSED PLAINTIFF['] S CLAIM WITH PREJUDICE WITHOUT GIVING PLAINTIFF THE OPPORTUNITY TO AMEND HIS COMPLAINT.

POINT II

THE LAW DIVISION'S JUDGMENT SHOULD BE REVERSED WHERE DEFENDANT ENGAGED IN FRAUDULENT CONCEALMENT OF EVIDENCE MATERIAL TO THE ACTION (not raised below).

When reviewing a grant of summary judgment, we use the same standard as the trial court.  Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016).  A court should grant summary judgment, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  Ibid. (quoting R. 4:46-2(c)).  The evidence must be viewed "in the light most favorable to the non-moving party[.]"  Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012).

3

We reject both of plaintiff's arguments that the judge erred when he dismissed plaintiff's claim with prejudice without giving plaintiff the opportunity to amend his complaint. First, the record does not reflect plaintiff ever moved to amend the complaint, either before or after the entry of the order on appeal; thus, there is no evident error on the part of the motion judge. Plaintiff further argues that because he was not successful in obtaining Boykin's incident report from the DOC, he was precluded from amending his complaint. Plaintiff contends the DOC's failure to include this important piece of discovery deprived him of the opportunity to amend his complaint to include Boykin's negligence. We disagree.

We note plaintiff did not raise the discovery issue with the trial judge, and we are not required to consider questions or issues not properly presented to the trial judge. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). The judge dismissed plaintiff's claim because of his failure to claim permanent injury, and the Boykin report does not alter that analysis.

N.J.S.A. 59:9-2(d) provides:

> No damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function,

permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600.

"In order to recover such damages, the claimant must suffer a permanent injury or disfigurement[.]"  Margolis & Novack, Claims Against Public Entities, cmt. on N.J.S.A. 59:9-2(d) (2019).

> "[T]he verbal threshold of [N.J.S.A] 59:9-2[(d)] does not apply if a public employee engages in willful misconduct under [N.J.S.A.] 59:3-14, since the intended purpose of that section is to prevent public employees guilty of outrageous conduct from availing themselves of the limitations on liability and damages found in the Act."
>
> [Ibid.]

Nothing in the record suggests, and plaintiff does not allege, Boykin acted intentionally in causing plaintiff's injury.  Moreover, plaintiff conceded in his opposition to summary judgment that he did not claim permanent bodily injury.  Concessions made before the trial court foreclose a contrary argument on appeal.  Misani v. Ortho Pharm. Corp., 44 N.J. 552, 555-56 (1965); Ji v. Palmer, 333 N.J. Super. 451, 459 (App. Div. 2000).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2107-16T1