**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2891-19

JAMAL COREY HAND and
230-232 SUMMER STREET,
LLC, a New Jersey Limited
Liability Company,

      Plaintiffs-Appellants,

v.

CITY OF PATERSON, a
political subdivision of the
State of New Jersey,

      Defendant-Respondent.

_____

Submitted January 19, 2021 – Decided March 12, 2021

Before Judges Messano and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3024-18.

Frederick Coles, III, attorney for appellants.

Lite DePalma Greenberg, LLC, attorneys for respondent (Victor A. Afanador and Jonathan M. Carrillo, on the brief).

PER CURIAM

In August 2017, plaintiff Jamal Corey Hand purchased a multi-family property (the Property) in Paterson (the City). The deed from Wilmington Savings Fund Society, FSB, to plaintiff listed his address as the Property's address. At the time, the structure on the Property had been severely damaged by a 2015 fire, was uninhabited and deemed abandoned by the City. In March 2018, plaintiff transferred the property by deed to 230-232 Summer Street, LLC, a limited liability company in which he was the sole member.[1] The deed — from plaintiff as grantor — used his personal address in Prospect Park and the LLC's address — as grantee — as the Property's.

Plaintiff received notice from the City declaring the Property an imminent hazard and directing plaintiff to demolish the structure by a certain date. For reasons we soon explain, plaintiff claimed to have believed the demolish-by-date in the notice was April 27, 2020, two years in the future. When plaintiff failed to demolish the structure, the City did so on May 4, 2018, at a cost of $21,230; it filed a demolition lien on the Property.

---

[1] We refer to both plaintiffs in the singular throughout the balance of this opinion.

A-2891-19

Plaintiff filed suit, alleging the City's notice provided him with two years in which to demolish the structure. He claimed the City was negligent, and N.J.S.A. 52:27D-132 and N.J.A.C. 5:23-2.32, cited in the City's notice as authority for the demolition, did not apply. Plaintiff sought a declaration that the City's actions were unlawful, as well as damages and counsel fees. The City filed an answer and counterclaim.[2]

Discovery ensued. Plaintiff moved for partial summary judgment on liability; the City cross-moved for summary judgment and to enforce its demolition lien. Judge Frank Covello denied plaintiff's motion and granted the City summary judgment, explaining his reasons in a comprehensive written decision. Following a subsequent proof hearing on the papers, Judge Covello entered judgment in favor of the City against both plaintiff and the LLC for $21,230.

Plaintiff appeals. He contends Judge Covello recognized there was a genuine factual dispute as to the demolish-by-date in the City's notice, and therefore summary judgment was inappropriate. Plaintiff also argues that

---

[2] The City's earlier motion to dismiss the complaint and for enforcement of its lien were denied.

A-2891-19

N.J.S.A. 52:27D-132 and N.J.A.C. 5:23-2.32 did not permit the City's action under the facts in this case.

The City argues Judge Covello properly found it was immune from liability under the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3. It also contends that N.J.S.A. 52:27D-132 and N.J.A.C. 5:23-2.32 authorized demolition of the structure, and the judge's findings regarding the demolition notices were supported by the evidence in the motion record.[3]

Having considered the parties' arguments, the motion record and applicable legal standards, we affirm.

I.

We review the grant of summary judgment de novo, applying the same standard used by the trial court, which

> mandates that summary judgment be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."
>
> [Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).]

---

[3] Plaintiff's reply brief does not directly address the City's TCA argument.

4

A dispute of material fact is "genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). "[W]hen the movant is the plaintiff, the motion court must view the record with all legitimate inferences drawn in the defendant's favor and decide whether a reasonable factfinder could determine that the plaintiff has not met its burden of proof." Globe Motor Co. v. Igdalev, 225 N.J. 469, 481 (2016) (emphasis added).

We owe no deference to the trial court's legal analysis, The Palisades at Fort Lee Condo. Ass'n, Inc. v. 100 Old Palisade, LLC, 230 N.J. 427, 442 (2017) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)), and we limit our review to the motion record before Judge Covello. See Ji v. Palmer, 333 N.J. Super. 451, 463–64 (App. Div. 2000) (appellate review of the grant of summary judgment is limited to the record that existed before the motion judge (citing Bilotti v. Accurate Forming Corp., 39 N.J. 184, 188 (1963))).

A-2891-19

After plaintiff recorded the deed to the Property, the City's Law Department sent him a letter at the Property address dated September 28, 2017, notifying plaintiff the Property was included on the list of abandoned properties and deemed "in need of rehabilitation." The City informed plaintiff that to remove the Property from the list, "all conditions that led the property to be placed on the list [we]re required to be addressed. A rehabilitation plan must be submitted . . . [and] all necessary permits for rehabilitation of the property must be applied for." The letter asked plaintiff to contact the City within fourteen days and enter into a rehabilitation agreement and attached an earlier Inspection Form from May 2017 that listed the problems. There is no evidence plaintiff responded to the letter and, in his deposition, plaintiff stated that he never submitted a rehabilitation plan because he "never got to that point."[4]

In January 2018, the City inspected the Property again and completed another Inspection Form, which reiterated the conditions found and recorded in May 2017, and which again indicated the Property was in need of rehabilitation. In March 2018, the City attempted to serve plaintiff with a Notice of Imminent

---

[4] Plaintiff was not questioned about this letter during his deposition. His counsel stipulated at deposition that the Property was on the abandoned properties list, and, in his statement of material facts supporting his motion for partial summary judgment, plaintiff admitted that he received the September 28, 2017 letter.

A-2891-19

Hazard (the March Notice) signed by the City's construction official at the Property's address, which was also plaintiff's address in the City's tax records for the Property. Because the Property was vacant, the notice, sent by certified mail, was returned undelivered. Nothing in the record reflects plaintiff received it.

The City again attempted to serve the Notice of Imminent Hazard, now dated April 25, 2018 (the April Notice), by certified mail at plaintiff's Prospect Park address. The City contended that plaintiff accepted service and, during his deposition, showed him a copy of the return receipt. Plaintiff denied that was his signature or the signature of anyone in his house.[5] Nevertheless, plaintiff testified he did receive the April Notice by regular mail but could not remember when.

The April Notice was identical to the March Notice, which had ordered plaintiff to demolish the structure by April 27, 2018. The April Notice cited the earlier inspection, as well as N.J.S.A. 52:27D-132 and N.J.A.C. 5:23-2.32, and stated:

> CONDITIONS EXIST IN THE BUILDING WHICH
> ARE DANGEROUS AND INJURIOUS TO THE
> HEALTH AND SAFETY TO THE OCCUPANTS
> AND REISDENTS OF NEIGHBORING BUILDINGS

---

[5] The return receipt is not in the record.

OF THE CITY OF PATERSON THAT INCLUDE THE FOLLOWING: DEFECTS THEREIN INCREASING THE HAZARDS OF FIRE, ACCIDENTS, OR OTHER CALAMITIES. ALSO[,] THE STRUCTURE IS IN DILAPIDATION, DISREPAIR, HAS STRUCTURAL DEFECTS, AND UNCLEANLINESS.

The April Notice provided that pursuant to N.J.A.C. 5:23-2.32(b)(5), the City could take necessary action at plaintiff's expense if he failed to act. It also told plaintiff that he must "immediately declare to the Construction Official, [his] acceptance or rejection of the terms . . . ," of the order, and if he wished to contest the order, he was required to seek "a stay to a court of competent jurisdiction within [twenty-four] hours." Critically, the demolish-by-date in the April Notice was obscured. A copy of the date as it appeared in the April Notice is an appendix to this opinion.

Plaintiff testified at his deposition that the April Notice gave him two years, i.e., until April 27, 2020, to demolish the structure. He acknowledged doing nothing in response to the April Notice, and he was unaware of the demolition until he visited the Property and saw the structure was gone.

II.

A.

Plaintiff contends we should reverse both the order denying his motion for partial summary judgment on liability and the order granting the City summary

judgment. He contends that the demolish-by-date in the April Notice was April 27, 2020, or, alternatively, that Judge Covello improperly applied summary judgment standards to find it was not.

In his written opinion, Judge Covello stated:

> There is no question that the [demolition-by-] date is no[t] 04/27/2020. The year, although partly obliterated by some sort of typographical character, is most certainly not 2020. The third number is not as obscured as the fourth number and is undoubtedly the number "1." What is unclear, though, is what the final number is . . . . The final number does not appear to be an "8."

In other words, Judge Covello did not conclude what was the demolish-by-date in the April Notice; he only concluded the demolish-by-date definitively was not April 27, 2020, as plaintiff asserted and continues to assert. Judge Covello did not misapply summary judgment standards in so deciding.

No reasonable factfinder could conclude that the April Notice provided plaintiff more than two years to demolish a structure which had been on the City's abandoned property list for more than one year and presented a public hazard. To succeed on summary judgment on this point, plaintiff bore the burden of demonstrating that when all legitimate favorable inferences were drawn in the City's favor, the disputed fact — the demolish-by-date in the April

Notice — must be resolved in plaintiff's favor. <u>Globe Motor Co.</u>, 225 N.J. at 481. Obviously, based on the document itself, plaintiff did not carry that burden.

B.

Judge Covello granted the City's motion "[d]espite a typographical error on the [N]otice" because plaintiff's "'perceived' belief that this [N]otice allowed him to renovate and abate the property more than a year after his acquisition of a property already listed on an abandoned properties list, does not permit him to avoid the clear language of the substance of the [N]otice . . . ." The April Notice required plaintiff to "immediately declare to the Construction Official, [his] acceptance or rejection of the terms . . . ," or apply for a stay of the demolition to a court, all of which he failed to do. Plaintiff's claim that he intended to rehabilitate the structure, even if credible, was not significant, because the April Notice required plaintiff "to demolish the structure . . . . The box checked off is <u>not</u> the one that would require him to remove hazards or take steps to render [it] safe." The judge found plaintiff failed to exercise due diligence and repeatedly failed to take necessary action.

Plaintiff contends that the City was not entitled to demolish the structure pursuant to N.J.S.A. 52:27D-132 and N.J.A.C. 5:23-2.32, the statute and regulation cited in the April Notice. He argues that because N.J.S.A. 52:27D-

10

132 only applies to enforcement of construction permits, and, because plaintiff had not secured any permits, the statute provided no authority for the demolition. Therefore, the judge should have granted plaintiff summary judgment on liability and denied the City's motion.

N.J.A.C. 5.23-2.32 details the requirements a construction official must meet to notify a property owner of an unsafe structure and the emergency measures he or she may take in the event the structure presents an immediate danger.

> When, in the opinion of the construction official, there is actual and immediate danger of collapse or failure of a building or structure or any part thereof which would endanger life, the construction official shall cause the necessary work to be done to render such building or structure or part thereof temporarily safe, whether or not the legal procedure herein has been instituted. Such work may include such demolition as may be necessary in order to eliminate any actual and immediate danger to human life; provided, however, that any demolition work shall not commence until at least [twenty-four] hours following service of notice of the pending demolition upon the owner, unless such service is not possible because the identity or the address of the owner cannot be determined from public records. Upon expiration of the [twenty-four]-hour period, demolition may proceed unless stayed by order of the Superior Court.
>
> [N.J.A.C. 5.23-2.32(b)(2) (emphasis added).]

Plaintiff correctly notes that N.J.S.A. 52:27D-132 relates to inspection of construction undertaken pursuant to a permit. It provides, in relevant part:

> a. The enforcing agency shall periodically inspect <u>all construction undertaken pursuant to a construction permit</u> . . . .
>
>     . . . .
>
> c. <u>If the construction of a structure or building is being undertaken contrary to the provisions of a construction permit</u>, this act, the code, or other applicable laws or ordinances, the enforcing agency may issue a stop construction order in writing . . . .
>
> d. When an inspector or team of inspectors finds a <u>violation of the provisions of a construction permit</u>, the code, or other applicable laws and regulations at an owner-occupied single-family residence, and issues a notice of violation and an order to terminate the violation, the enforcing agency shall require the same inspector or team of inspectors who found the violation to undertake any subsequent reinspection thereof at the premises.
>
> [N.J.S.A. 52:27D-132 (emphasis added).]

Without citing any authority, plaintiff argues that because the April Notice used the conjunctive — "and" — when citing the statute and regulation, both apply; since plaintiff had not secured any construction permit for the Property, the City had no right to demolish the structure.

A-2891-19

The argument requires us to construe the language of the April Notice, but it ignores, for example, our discussion in <u>Garden State Land Co. v. City of Vineland</u>, 368 N.J. Super. 369 (App. Div. 2004). There, we were required to interpret N.J.S.A. 40:48-2.5, which enables a municipality to enact demolition ordinances that require service of notice "upon the owner of and parties in interest in such a building." <u>Id.</u> at 377–78 (quoting N.J.S.A. 40:48-2.5(b)). The statute defined "parties in interest" as those individual and business entities "who have interests of record in a building <u>and</u> any who are in actual possession thereof." <u>Id.</u> at 378 (quoting N.J.S.A. 40:48-2.4(e)) (emphasis added). The municipality argued that the statute required a party in interest to both "possess an interest of record and also be in actual possession." <u>Ibid.</u> We rejected the argument.

> [A]lthough the language of a statute is to be construed as written, "[t]he words 'or' and 'and' are ofttimes used interchangeably, and the determination of whether the word 'and' as used in a statute should be read in the conjunctive or disjunctive depends primarily upon the legislative intent." The context of the language and the words surrounding the disputed portion can be used to evidence an intention to create a disjunctive meaning.
>
> [<u>Ibid.</u> (second alteration in original) (quoting <u>Pine Belt Chevrolet, Inc. v. Jersey Cent. Power & Light Co.</u>, 132 N.J. 564, 578 (1993)).]

Here, the April Notice stated plaintiff's property was "an imminent hazard . . . pursuant to N.J.S.A. 52:27D-132 and N.J.A.C. 5:23-2.32." (emphasis added). The logical construction of the notice is that the property met the standards for being declared an imminent hazard under either, and the notice did not otherwise limit the City's options on how to proceed. The City also points out that the April Notice is the form notice that construction officials must use to issue a Notice of Imminent Hazard. See N.J.A.C. 5:23-4.5(b)(2) ("[F242 Notice of Imminent Hazard] standardized form[] established by the Commissioner [is] required for use by the municipal enforcing agency . . . .").

Judge Covello specifically recognized that N.J.A.C. 5:23-2.32 was promulgated pursuant to N.J.S.A. 52:27D-131.1(a)(2), which granted the City authority to demolish the structure on plaintiff's property. Plaintiff's contention that the judge erred in citing this statute, because the April Notice failed to do so, lacks sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).[6]

We affirm the order denying plaintiff summary judgment and the order granting the City summary judgment.

_____

[6] Similarly, plaintiff's claim that it was error for Judge Covello to employ a magnifying glass in an attempt to ascertain the demolish-by-date in the April Notice requires no discussion.

III.

For the sake of completeness, we address the City's claim that it was immune from liability pursuant to the TCA. Judge Covello agreed. He cited N.J.S.A. 59:3-6, which provides that a public employee is immune from liability for any injury caused by his or her "order, or similar authorization where he [or she] is authorized by law to determine whether or not such authorization should be issued." The judge cited N.J.A.C. 5:23-2.32(b)(2), which permits the issuance of an order to demolish a structure "[w]hen, in the opinion of the construction official, there is actual and immediate danger of collapse or failure of a building or structure or any part thereof which would endanger life . . . ." Judge Covello reasoned that if the City's construction official was immune, so was the City. See N.J.S.A. 59:2-2(b) ("A public entity is not liable for an injury resulting from an act or omission of a public employee where the public employee is not liable."); Crystal Ice-Bridgeton, LLC v. City of Bridgeton, 428 N.J. Super. 576, 586 (App. Div. 2012) (where fire chief was not liable under the TCA for failing to seek demolition permit requiring twenty-four-hour's notice to the building's owner before ordering the partial demolition, but acted in good faith pursuant to statutory authority in conducting emergency firefighting

operation, of a building, the City was also not liable). We agree entirely with this analysis.

Plaintiff does not directly address the issue of TCA immunity in his brief or reply brief. Instead, he argues the claim against the City was not a negligence claim but rather an allegation that the City violated his due process rights.

Judge Covello noted, and we agree, that plaintiff never pled such a cause of action. The judge observed that plaintiff's complaint specifically pled negligence and referenced plaintiff's compliance with the notice provisions of the TCA. Nevertheless, the judge addressed plaintiff's argument, raised in opposition to the City's asserted TCA immunity defense, that the City had unlawfully deprived him of his property without proper notice. We again agree with Judge Covello's reasoning in this regard and affirm for the reasons he expressed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2891-19

APPENDIX



Enlarged, the date appears as follows: