**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0865-17T1

FAHIM HUSSAIN,

     Plaintiff-Appellant,

and

GENEVIEVE THOMAS,

     Plaintiff,

v.

CITIZENS FINANCIAL GROUP, INC.,

     Defendant-Respondent,

and

KEYSTONE ASSET MANAGEMENT, INC., CENTURY 21 WORDEN & GREEN, BRIAN GRAHAM, d/b/a CENTURY 21 WORDEN & GREEN, PETER MCGAVISK, d/b/a CENTURY 21 WORDEN 21 WORDEN & GREEN, and PROGRESSIVE MAINTENANCE, INC.,

     Defendants.

_____

Argued January 16, 2019 – Decided February 8, 2019

Before Judges Fuentes, Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3379-15.

Fahim Hussain, appellant pro se.

Nicholas M. Gaunce argued the cause for respondent (Eckert Seamans Cherin & Mellott, LLC, attorney; Nicholas M. Gaunce, of counsel and on the brief).

PER CURIAM

Plaintiff Fahim Hussain appeals from an order granting summary judgment dismissing the third amended complaint, which alleges causes of action for negligent misrepresentation, violation of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -210, and negligence. Plaintiff also appeals from an order denying his motion for reconsideration.[1] Based on our review of the record,[2] we affirm.

---

[1] We do not address the order denying plaintiff's reconsideration motion because plaintiff does not offer any argument supporting its reversal. An issue not briefed on appeal is deemed waived. Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008).

[2] Pursuant to leave granted, the record on appeal was supplemented to include portions of plaintiff's May 25, 2017 deposition and exhibits from the deposition of defendant's employee Sherri Deal.

A-0865-17T1

## I.

We discern the following undisputed facts from the record before the motion court and view the facts and all reasonable inferences therefrom in the light most favorable to plaintiff, the non-moving party. Bauer v. Nesbitt, 198 N.J. 601, 605 n.1 (2009); R. 4:46-2(c). Defendant Citizens Financial Group, Inc. acquired residential property in Upper Freehold Township through "a foreclosure process" and subsequently offered it for sale. Prior to placing the property on the market, defendant's inspector examined the property on December 2, 2013, and noted in his report there were moisture stains on ceilings, interior walls and in the kitchen, but he was "unable to determine the status of the stains at the time of inspection."

Plaintiff first viewed the property on March 15, 2014, and was aware it was a foreclosed property. Three weeks later, plaintiff's wife, Genevieve Thomas, and her sister, Geraldine Thomas, (collectively "purchasers") signed a contract to buy the property. The contract stated the property was being sold "AS IS" and permitted the purchasers to perform a home inspection. The contract included a rider, "Addendum A 'AS IS' Provision," stating:

> Buyer is aware that Seller acquired the property which is the subject of this transaction by way of foreclosure deed in lieu and that Seller is selling and Buyer is purchasing the property in its present "AS IS"

A-0865-17T1

CONDITION WITHOUT REPRESENTATIONS OR WARRANTIES OF ANY KIND OR NATURE.

Buyer acknowledges for Buyer and Buyer's successors, heirs and assignees, that Buyer has been given a reasonable opportunity to inspect and investigate the property and all improvements thereon, either independently or through agents of Buyer's choosing, and that in purchasing the property Buyer is not relying on seller, or its agents, as to the condition or safety of the property and/or any improvements thereon including, but not necessarily limited to electrical, plumbing, heating, sewage, roof, air conditioning, if any, foundations, soils and geology, lot size, or suitability of the property and/or improvements for particular purposes, or that any appliances, if any, plumbing and/or utilities are in working order, and/or that the improvements are structurally sound and/or in compliance with any city, county, state and/or Federal statutes, codes or ordinances. Any reports, repairs, or work required by Buyer's Lender is to be the sole responsibility of the Buyer.

Seller does not warrant existing structure as to the habitability or suitability for occupancy. Buyer(s) assumes responsibility to check with appropriate planning authority for intended use and holds Seller and Broker harmless as to suitability for Buyer(s) intended use.

Buyer(s) further states that they are relying solely upon their own inspection of subject property and not upon any representation made to them by any person whomsoever, and is purchasing subject property in the condition in which it now is, without any obligation on the part of the Seller to make any changes, alterations, or repair thereto. Seller gives no warranties of fitness regarding such personal property that belongs to Seller which is transferred as a part of the purchase.

4

> The closing of this transaction shall constitute as an acknowledgment by the Buyer(s) that THE PREMISES WERE ACCEPTED WITHOUT REPRESENTATION OR WARRANTY OF ANY KIND OR NATURE AND [IN] ITS PRESENT "AS IS" CONDITION BASED SOLELY ON BUYER'S INSPECTION.

The contract was reviewed by purchasers' counsel. Purchasers retained an inspector to conduct a home inspection. The inspector's report identified numerous issues with the condition of the property including: electrical outlets not working; wall, ceiling and window water stains; damaged floors; a kitchen sink leak; exposed electrical wires; double-tapped electrical breakers; non-functioning shower heads; excessive furnace rust; and a cracked toilet. The inspector recommended that purchasers follow up with a contractor for, among other things, "further evaluation of [the] water source" of the leaks "and for further repair."

Acting on purchasers' behalf, plaintiff sought a $50,000 price reduction based on the issues identified in the home inspection report. Defendant rejected the proposal, and plaintiff responded by requesting a $25,000 reduction. Defendant rejected that proposal, terminated the contract and placed the property back on the market.

Plaintiff subsequently directed purchasers' counsel to ask defendant to reinstate the contract. Purchasers' counsel wrote to defendant's counsel

requesting the reinstatement and stating that his "client [has] advised that she wants to proceed with the purchase of the . . . property without a reduction in purchase price and will waive the open inspection negotiation." Defendant agreed.

Prior to the closing of title, Upper Freehold Township conducted an inspection and required repairs for the issuance of a Certificate of Occupancy. The Township required defendant to: repair of the kitchen faucet; install an electric wire to the dishwasher in a covered junction box; install a kitchen fire extinguisher; address a leak in the conservatory ceiling and repair damaged sheetrock; place a hanging basement wire in a covered junction box; address a paver tripping hazard on front steps; and have a licensed electrician certify that all breakers and the sub-panel are properly installed.

Purchasers and defendant subsequently executed an "Addendum to Contract of Sale," providing in pertinent part:

> 5. Seller agrees to perform all required [Certificate of Occupancy] repairs as listed on the inspection report conducted by Upper Freehold Township dated July 2, 2014. If any other conditions come up to obtain a final [Certificate of Occupancy] and the Seller does not agree to complete same, Buyer shall have option to cancel the Contract.
>
> . . . .

7. Construction. The terms of the Contract of Sale, and any previous Addendums thereto, shall remain in full force and effect, except as they may conflict with the terms of this Addendum. In the event of such conflict, the terms of the Addendum shall control.

Defendant made repairs and the Township issued an August 21, 2014 Certificate of Occupancy.

Prior to the closing, purchasers' attorney obtained a title search that revealed, among other things, a May 29, 2002 deed of dedication and a plat plan showing a forty-foot-wide roadway dedication of Sharon Station Road, which abuts the rear of the property. The deed dedicated the road to Upper Freehold Township "for use as a road and all lawful public purposes including . . . public rights of way, installations and maintenance of the roadway."

By deed dated July 8, 2014, which was delivered on August 29, 2014, defendant transferred title of the property to purchasers. Plaintiff and his wife, purchaser Genevieve Thomas, subsequently moved into the residence.[3]

_____

[3] The record does not establish that purchasers conveyed title to the property to plaintiff and his wife subsequent to August 29, 2014. At oral argument, plaintiff represented purchasers had conveyed title to him and his wife but he could not provide the conveyance date or cite to any evidence of the conveyance in the record. Plaintiff's standing was not raised as an issue before the motion court. Because we affirm the dismissal of the complaint on the merits, it is unnecessary to address plaintiff's standing to appeal the dismissal of a complaint alleging claims arising from a real estate transaction to which he was not a party and where the purchasers have not appealed the court's summary judgment order.

A-0865-17T1

Purchasers subsequently were contacted by the County of Monmouth in 2015 in connection with the installation of a drainage easement along the rear of the property, adjacent to Sharon Station Road. Purchasers reached an agreement with the County on compensation for the drainage easement and were paid $6000 by the County.

Fourteen months after the closing, plaintiff and his wife filed this action.[4] In the first count of their third amended complaint, they allege defendant negligently misrepresented the condition of the property and thereby failed to disclose defects in the condition of the property during the sale. In the second count, they allege defendant violated the CFA by knowingly concealing defects in the property that could not be repaired and by making ineffective repairs to the property. The third count alleges defendant negligently misrepresented the condition of the property during the sale.

---

[4] The record on appeal does not contain the original complaint. In their briefs on appeal, the parties state that plaintiff and his wife filed the initial complaint on September 9, 2015, against multiple defendants. They voluntarily dismissed the complaint against defendant Progressive Maintenance, Inc. at the close of discovery. They resolved their claims against defendants Century 21 Worden & Green, Brian Graham, Peter McGavisk, and Keystone Asset Management, Inc. prior to filing the third amended complaint.

Following discovery, defendant moved for summary judgment. During oral argument, plaintiff's counsel argued defendant was not entitled to summary judgment on the three causes of action asserted in the third amended complaint because the evidence showed defendant misrepresented that it made the repairs noted in the Township's request for repairs for the Certificate of Occupancy. Plaintiff's counsel also argued the causes of action were supported by evidence that defendant failed to disclose an April 4, 2014 letter from Monmouth County that defendant received, which revealed plans for improvements to Sharon Station Road. More particularly, plaintiff asserted the letter disclosed a road improvement project that would result in an expansion of the road from forty feet to eighty feet wide and therefore adversely affect the property's value.

After hearing argument, Judge Katie A. Gummer rendered a detailed and comprehensive oral opinion addressing the record presented, finding the undisputed material facts and concluding plaintiff presented insufficient evidence supporting the three causes of action asserted in the third amended complaint. Judge Gummer entered an order granting defendant's motion for summary judgment and this appeal followed.

II.

We review a grant of summary judgment de novo, determining whether there are any genuine issues of material fact when the evidence is viewed in the light most favorable to the non-moving party. Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 38, 41 (2012). Provided there are no genuine issues of material fact, we review "the legal conclusions undergirding the summary judgment motion itself on a plenary de novo basis." Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 385 (2010). Summary judgment is appropriate when the evidence "is so one-sided that one party must prevail as a matter of law." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

We briefly review the law applicable to each of the causes of action asserted in the third amended complaint. As noted, counts one and three allege negligence and generally assert that defendant negligently misrepresented the condition of the property. Negligent misrepresentation "may exist when a party negligently provides false information." Karu v. Feldman, 119 N.J. 135, 146 (1990). A "negligent misrepresentation constitutes '[a]n incorrect statement, negligently made and justifiably relied on, [and] may be the basis for recovery of damages for economic loss . . . sustained as a consequence of that reliance.'"

McClellan v. Feit, 376 N.J. Super. 305, 317 (App. Div. 2005) (citation omitted). A cause of action for negligent misrepresentation requires proof that: (1) defendant negligently provided false information; (2) plaintiff was a reasonably foreseeable recipient of that information; (3) plaintiff justifiably relied on the information; and (4) the false statements were a proximate cause of plaintiff's damages. Karu, 119 N.J. at 146-47.

The second count alleges a violation of the CFA. A person must commit an "unlawful practice" to violate the CFA. Cox v. Sears Roebuck & Co., 138 N.J. 2, 17 (1994). There are three general categories of unlawful practices: affirmative acts, knowing omissions, and regulation violations. Ibid.

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any . . . real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice[.]
>
> [N.J.S.A. 56:8-2.]

A fact is material when the seller knows or should know it is important to the particular buyer's decision or when such fact would be important to the decision

of a reasonable buyer. Ji v. Palmer, 333 N.J. Super. 451, 462 (App. Div. 2000). "A practice can be unlawful even if no person was in fact misled or deceived thereby." Cox, 138 N.J. at 17.

If the alleged consumer fraud violation is an affirmative act, "intent is not an essential element and the plaintiff need not prove that the defendant intended to commit an unlawful act." Id. at 17-18. Where the alleged consumer fraud violation is an omission, "the plaintiff must show that the defendant acted with knowledge, and intent is an essential element of the fraud." Id. at 18. Failure to disclose is a violation of the CFA only if "made knowingly with the intent to deceive the purchasers." Chattin v. Cape May Greene, Inc., 243 N.J. Super. 590, 602 (App. Div. 1990). Our Supreme Court has noted that "a seller of real estate . . . would be liable for nondisclosure of on-site defective conditions if those conditions were known to them and unknown and not readily observable by the buyer." Strawn v. Canuso, 140 N.J. 43, 59 (1995).

Plaintiff first argues the court erred by dismissing the causes of action because they were supported by evidence showing defendant failed to disclose physical defects in the property. As he acknowledges in his brief, plaintiff failed to make this argument before the motion court. We therefore decline to consider the argument because it does not involve jurisdictional or public interest

12

concerns.  Zaman v. Felton, 219 N.J. 199, 226-27 (2014); see also Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) ("[O]ur appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959))).

Plaintiff also argues the court erred by dismissing his causes of action founded on the claim defendant failed to disclose a material fact related to the property.  More particularly, plaintiff argues defendant received an April 4, 2014 letter from Monmouth County advising there was a road improvement project that would affect the property, and defendant failed to disclose the letter to the purchasers prior to closing.  Plaintiff argues the project involves the expansion of the road from forty to eighty feet, and the proximity of the expanded roadway to the property will adversely affect the property's value.

We reject plaintiff's contention substantially for the reasons explained by Judge Gummer in her reasoned oral decision.  We add only that we also reject the argument because it is not supported by competent evidence.  See Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009)

A-0865-17T1

("Competent opposition [to a summary judgment motion] requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" (quoting Merchs. Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005))). At her deposition, defendant's representative Sherri Deals denied any knowledge of receiving the letter, and testified she did not find the letter in defendant's records and was unaware of any proposed widening of the road in the rear of the property at any time prior to the closing.

Plaintiff argues defendant's receipt of the letter is confirmed by a certified mail receipt addressed to defendant and signed by an unknown individual on April 7, 2014. However, plaintiff's reliance on the receipt as proof of delivery of the April 4, 2014 letter to defendant is unsupported by competent evidence. The receipt is untethered to an affidavit or certification establishing that it is authentic. See R. 1:6-6; see also N.J.R.E. 901; Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 600 (App. Div. 2011) (finding that a document annexed to a brief is not authenticated without "an affidavit or certification based on personal knowledge"). Moreover, even if the receipt is authentic, there is no competent evidence linking the receipt to the April 4, 2014 letter or showing the receipt was completed as an acknowledgment of receipt of the letter. See Sullivan v. Port Auth. of N.Y. and N.J., 449 N.J. Super. 276, 279-80 (App. Div.

A-0865-17T1

2017) (explaining that "bare conclusions" lacking "support in affidavits" are "insufficient to defeat [a] summary judgment motion"). Thus, the only competent evidence concerning defendant's purported knowledge of the planned 2014 road expansion is Sherri Deals' testimony, which establishes defendant did not receive the letter and was unaware of the planned expansion prior to closing.

Plaintiff presented insufficient evidence to sustain his negligence and CFA claims based on defendant's alleged failure to disclose the April 4, 2014 letter because there was no competent evidence defendant received the letter. Plaintiff did not sustain his CFA claim because defendant could not "knowingly" and "with the intent to deceive the purchasers" fail to disclose a letter it never received. Chattin, 243 N.J. Super. at 602. And the evidence does not show defendant negligently disclosed false information. To the contrary, the undisputed evidence demonstrates defendant did not make any representations concerning Sharon Station Road. We therefore find no basis in the competent evidence to reverse the court's dismissal of the causes of action based on

defendant's alleged failure to disclose either the April 4, 2014 letter or the improvement plan for Sharon Station Road.[5]

Plaintiff last argues the court erred by granting defendant summary judgment on the asserted causes of action based on defendant's alleged misrepresentations concerning the repairs required by the Township for the Certificate of Occupancy and the alleged making of defective repairs. Plaintiff's argument is without merit sufficient to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E). We affirm Judge Gummer's dismissal of the claim substantially for the reasons stated in her oral opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] We observe that purchasers obtained a $6000 payment from Monmouth County for an easement on the property associated with the improvements to Sharon Station Road.

16